West India Oil Co. v. Benedicto.

# WEST INDIA OIL COMPANY, Plff.,

*v.*

## JOSE E. BENEDICTO, as Treasurer of Porto Rico, and Abelardo Gonzalez Font, as Acting Treasurer of Porto Rico, Dfts. ·

San Juan, Equity, No. 1098.

CONSTITUTIONAL LAW.

Jurisdiction—Constitutionality of Law—Amount Immaterial.

1. Where the amount of over $3,000 is involved, and the proceeding involves the question as to whether an act of the Porto Rico legislature does or does not violate the Constitution of the United States, it is immaterial whether the complainant is domiciled in Porto Rico or outside of Porto Rico.

Jurisdiction—Previous Decision.

2. The question involved in this case is identical with the question involved in the decision of this court rendered September 1, 1921, in the case of The Texas Company against Benedicto as Treasurer of Porto Rico, previously reported in this volume at page 329.

Opinion filed September 1, 1921.

*Mr. O. B. Frazer* for plaintiff.

*Messrs. Salvador Mestre,* Attorney General, for Porto Rico, and *Jos. A. Loret,* Assistant Attorney General for Porto Rico, for defendants.

ODLIN, Judge, delivered the following opinion:

In this case the same point is involved as in case No. 1097, in which the Texas company is the complainant and the Treasurer of Porto Rico and Acting Treasurer of Porto Rico are defendants. The only difference between this case and No. 1097 [ante, 329] is that in No. 1097 there was no diversity of citizenship, and the bill was based solely upon the act of the Porto Rico legislature being in conflict with the Constitution of the United States. In this present case, No. 1098, it happens that the complainant, the West India Oil Company, is a corporation organized and existing under the laws of the state of New York, and therefore there exists diversity of citizenship. But this point is of no importance in the view of the court, inasmuch as there exists a Federal constitutional question.

It is therefore ordered that the same temporary injunction issue in this case, No. 1098, as has already been ordered in case No. 1097. And said temporary injunction shall not be enforced until the plaintiff shall give a bond satisfactory to the court in the sum of $———.

And it further ordered that the motion to dismiss the bill be denied; and the defendants are allowed twenty days in which to answer.